[700 NYS2d 223]

In the Matter of BRENT JOSEPH KAUFMAN, an Attorney, Resignor.

Second Department, December 20, 1999

### APPEARANCES OF COUNSEL

*Grace D. Moran, Jr.,* Syosset, for Grievance Committee for the Tenth Judicial District.

### OPINION OF THE COURT

Per Curiam.

Brent Joseph Kaufman has submitted an affidavit, dated August 31, 1999, in which he tenders his resignation as an attorney and counselor-at-law (*see,* 22 NYCRR 691.9). Mr. Kaufman was admitted to the practice of law at a term of the Ap-

pellate Division of the Supreme Court in the Second Judicial Department on July 24, 1996.

The respondent acknowledges that he is the subject of a *sua sponte* investigation based on his plea of guilty, on July 26, 1999, to filing a false claim (two counts), in violation of 18 USC § 152 (4), in the United States District Court for the Eastern District of New York before the Honorable Thomas Platt. He has yet to be sentenced.

In his affidavit of resignation, the respondent admitted that he was assigned the task of assisting Kenneth Kirschenbaum, a panel trustee assigned by the United States Bankruptcy Trustee. The respondent's duties included reviewing proofs of claims filed by creditors in bankruptcy proceedings.

On or about May 23, 1997, the respondent filed a false proof of claim in the amount of $5,889.56 in the bankruptcy proceeding of Paul J. Skiscim, by using a fictitious creditor, S & K Textiles, Inc. On or about April 20, 1998, the respondent filed a false proof of claim in the amount of $7,896 in the bankruptcy proceeding of Kryzrytos Witoslawski, by using the same fictitious creditor, S & K Textiles, Inc. The respondent appeared in the United States District Court for the Eastern District of New York on July 26, 1999, before Judge Thomas Platt and pleaded guilty to two counts of filing a false claim under 18 USC § 152 (4) in connection with the above matters.

The respondent avers that his resignation is freely and voluntarily tendered and that he has not been subject to coercion or duress. He has discussed his decision to resign with his attorney, as well as other persons whose advice and counsel he respects. The respondent is fully aware of the implications of submitting his resignation, including the fact that he is barred by Judiciary Law § 90 and the Court rules from seeking reinstatement for at least seven years. The respondent acknowledges that he cannot successfully defend himself on the merits against any disciplinary charges which have been or which will be initiated against him by the Grievance Committee based on these circumstances.

The respondent is further aware that pursuant to Judiciary Law § 90 (6-a), the Court, in any order permitting him to resign, could require him to make monetary restitution to any persons whose money or property was misappropriated or misapplied or to reimburse the New York Lawyers' Fund for Client Protection. The respondent also avers that he is aware that any order issued pursuant to Judiciary Law § 90 (6-a), could be entered as a civil judgment against him, and he

specifically waives the opportunity afforded by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee urges acceptance of the respondent's resignation.

Inasmuch as the proffered resignation complies with all appropriate Court Rules, it is accepted and Mr. Kaufman is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., BRACKEN, S. MILLER, O'BRIEN and RITTER, JJ., concur.

Ordered that the resignation of Brent Joseph Kaufman is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Brent Joseph Kaufman is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Brent Joseph Kaufman shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Brent Joseph Kaufman is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.